| Chicago Title Ins. Co. v Citi Abstract Inc. |
|---|
| 2024 NY Slip Op 34390(U) |
| December 17, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651223/2022 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 02M

-------------------------------------------------------------------------------X

CHICAGO TITLE INSURANCE COMPANY,

Plaintiff,

- v -

CITI ABSTRACT INC.,DAVID SURUJNARIAN A/K/A
DAVE SURUJNARIAN A/K/A DAVID SURUJNARAIN
A/K/A DAVE SURUJNARAIN A/K/A DAVID S. NARIAN
A/K/A DAVE S. NARIAN,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651223/2022 |
| **MOTION DATE** | 03/08/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 103, 104, 105, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER          .

In this breach of contract action, Plaintiff Chicago Title Insurance Company ("Plaintiff")

moves for summary judgment on its claims for breach of contract, contractual indemnification,

and common law indemnification against defendants Citi Abstract Inc. ("Citi") and David

Surujnarian ("Surujnarian"). Defendants oppose the motion.

In early 2014, nonparty Kris Budhram ("Budhram") purchased a home located at 147-44

Ferndale Avenue in Jamaica, Queens ("Property") and obtained a title insurance policy from

Plaintiff in connection with that purchase. Plaintiff had retained Citi as a policy issuing agent

pursuant to an August 9, 2006 contract (NYSCEF Doc. No. 75, "Agency Contract").

Surujnarian was president of Citi. As part of its duties, Citi performed a title search for the

Property and prepared a Title Report and Commitment that identified that a prior mortgage

encumbered the Property ("Prior Mortgage") (NYSCEF Doc. No. 79, "Title Report," at 19-20).

**651223/2022   CHICAGO TITLE INSURANCE COMPANY vs. CITI ABSTRACT INC. ET AL**
**Motion No.  002**

**Page 1 of 6**

1 of 6

The Prior Mortgage had been issued to a previous owner in 2004 and was the subject of a 2008 foreclosure action which remained active at the time of Budhram's purchase of the Property and application for title insurance in February 2014. The 2008 action was discontinued in an order dated March 24, 2014 (NYSCEF Doc. No. 128).

Citi issued a title insurance policy to Budhram on February 7, 2014, the date the Property was purchased (NYSCEF Doc. No. 82, "Policy"). The Prior Mortgage was not identified as open in the Policy and was not listed as an exception to coverage thereunder, despite its prior inclusion in Citi's Title Report (*id.*, Schedule B). On June 29, 2017, a second foreclosure action was commenced on the Prior Mortgage, and Budhram was named a defendant (NYSCEF Doc. No. 83, "2017 Foreclosure Action"). Budhram submitted a claim to Plaintiff under the Policy, and Plaintiff accepted coverage and retained counsel to defend the action pursuant to its obligations under the Policy. In August 2021, Plaintiff paid $260,000 to settle the 2017 Foreclosure Action (NYSCEF Doc. Nos. 86, 88). It incurred $26,803.07 in attorneys' fees in costs of defending the 2017 Foreclosure Action (NYSCEF Doc. No. 89).

In January 2022, Plaintiff demanded indemnification from Citi pursuant to indemnification provisions in the Agency Contract. These provisions required Citi to indemnify Plaintiff for, *inter alia*:

> . . . all attorneys' fees, court costs, administrative and other expenses and other expenses and loss or aggregate of losses resulting from any one or more of the following:
> A. Errors or omissions in any commitment, policy, endorsement or other title assurance which were known to [Citi] or which, in the exercise of due diligence, should have been known to [Citi];
> B. Errors and/or omissions in any commitment, policy, endorsement or other title assurance caused by the abstracting or examination of title by [Citi] . . . ;
> C. Failure of any title insurance commitment, policy, endorsement, or other title assurance to correctly reflect the status of title . . . ;

**651223/2022   CHICAGO TITLE INSURANCE COMPANY vs. CITI ABSTRACT INC. ET AL**
**Motion No.  002**

**Page 2 of 6**

> D. Failure of [Citi], its officers and employees to comply with the terms of this Contract or with the guidelines, regulations or instructions given to [Citi by Plaintiff]

(Agency Contract § 8).  Surujnarian had also executed a personal guaranty concurrent with the Agency Contract in which he agreed to "personally and unconditionally undertake, guarantee and assure the full, prompt and complete performance" of Citi under the Agency Contract (*id.*, Schedule D, "Personal Guaranty").

Citi refused payment under the indemnity provision, and Plaintiff commenced this action in March 2022.  It asserts causes of action for breach of contract, contractual indemnification, and common law indemnification and seeks recovery of the amount it paid to settle the 2017 Foreclosure Action as well as its attorneys' fees incurred defending that action.

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).  Should the movant make its prima facie showing, the burden shifts to the opposing party, who must then produce admissible evidentiary proof to establish that material issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Plaintiff argues that Defendants are liable for breach of contract because Citi's failure to list the Prior Mortgage as an exception to coverage under the Policy violated its contractual standard of care, and because of its refusal to honor the Agency Contract's indemnification provision.  It further argues that Surujnarian is liable under the Personal Guaranty.  In opposition, Defendants contend that the breach of contract cause of action is untimely because any breach of the Agency Contract would have occurred in 2014 and this action was not filed until 2022, after the six-year statute of limitations for breach of contract claims.

**651223/2022   CHICAGO TITLE INSURANCE COMPANY vs. CITI ABSTRACT INC. ET AL**          **Page 3 of 6**
  Motion No.  002

3 of 6

[* 3]

The Court denies summary judgment on Plaintiff's breach of contract cause of action. To the extent that Plaintiff asserts a claim based on Citi's breach of its contractual standard of care because it failed to include the Prior Mortgage as an exception to the Policy in 2014, such claims are time-barred (*see* CPLR 213[2]; *Deutsche Bank Natl. Trust Co. v Flagstar Capital Mkts.*, 32 NY3d 139, 145 [2018] [breach of contract claim accrues at time of breach]). To the extent that its breach of contract claim is premised on Citi's purported refusal to indemnify it for the expenses it incurred in defending and settling the 2017 Foreclosure Action, such claims are duplicative of the contractual indemnification cause of action as they are based on the same facts and seek the same damages (*Courtney v McDonald*, 176 AD3d 645, 646 [1st Dept 2019]).

Plaintiff further seeks summary judgment on its contractual indemnification cause of action. Plaintiff points to Citi's failure to identify the Prior Mortgage as an exception to coverage and claims it was an error or omission that caused Plaintiff damages in having to defend the 2017 Foreclosure Action. Defendants argue they cannot be held liable under the Agency Contract's indemnity provision because Citi adhered to industry norms when it prepared the Policy. They claim that Citi did not identify the Prior Mortgage and list it as an exception because it had been notified that it would be satisfied in connection with the resolution of the 2008 Foreclosure Action (NYSCEF Doc. No. 126, McCabe Letter).

"Entitlement to full contractual indemnification requires a clear expression or implication, from the language and purpose of the agreement as well as the surrounding facts and circumstances, of an intention to indemnify" (*Martins v Little 40 Worth Assocs., Inc.*, 72 AD3d 483, 484 [1st Dept 2010]). The plain language of the Agency Contract requires Citi to indemnify Plaintiff for errors or omissions in policies it prepared and for failure of any policy to correctly reflect the status of title on an insured property (Agency Contract § 8). It is undisputed that the

**651223/2022   CHICAGO TITLE INSURANCE COMPANY vs. CITI ABSTRACT INC. ET AL**
  **Motion No.  002**

**Page 4 of 6**

[* 4]

Prior Mortgage was open and encumbering the Property at the time the Policy was issued in February 2014, that Citi did not identify it as open on the Policy, and that it was not listed as an exception to coverage. Even it was represented to Citi that the Prior Mortgage would soon be satisfied, the fact remains that Policy did not correctly reflect the status of the Property's title at the time the Policy was issued. Therefore, the indemnification clause was triggered when Plaintiff incurred costs in defending and settling the 2017 Foreclosure Action to foreclose on the Prior Mortgage. Citi and Surujnarian therefore are liable under the Agency Contract's indemnity provision and the Personal Guaranty, respectively.

Summary judgment is denied as to Plaintiff's common law indemnification cause of action. Common-law indemnification is predicated on 'vicarious liability without actual fault,' (*Edge Mgt. Consulting, Inc. v Blank*, 25 AD3d 364, 367 [1st Dept 2006], *quoting Trump Vil. Section 3, Inc. v New York State Hous. Fin. Agency*, 307 AD2d 891, 895 [1st Dept 2003]). Plaintiff does not allege that its damages are the result of it having been held vicariously liable to any third party; rather, its claims against Defendants arise out of the indemnification provision in the Agency Contract and the Personal Guaranty of Surujnarian (*see, e.g., Ramirez v Almah, LLC*, 169 AD3d 508, 509-510 [1st Dept 2019]).

Accordingly, it is hereby:

ORDERED that Plaintiff's motion for summary judgment is granted with respect to its contractual indemnification cause of action against Defendants Citi Abstract Inc. and David Surujnarian a/k/a Dave Surujnarian a/k/a David Surujnarain a/k/a Dave Surujnarain a/k/a David S. Narian a/k/a Dave S. Narain; and it is further

ORDERED that Plaintiff Chicago Title Insurance Company is entitled to judgment as against Defendants Citi Abstract Inc. and David Surujnarian a/k/a Dave Surujnarian a/k/a David

**651223/2022 CHICAGO TITLE INSURANCE COMPANY vs. CITI ABSTRACT INC. ET AL** **Page 5 of 6**
**Motion No. 002**

5 of 6

[* 5]

Surujnarain a/k/a Dave Surujnarain a/k/a David S. Narian a/k/a Dave S. Narain in the amount of

$286,083.07 with statutory interest from the date of entry of this order and the Clerk is directed

to enter judgment accordingly; and it is further

ORDERED that the remainder of the motion is denied.

| __12/17/2024__ | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | | |
| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651223/2022   CHICAGO TITLE INSURANCE COMPANY vs. CITI ABSTRACT INC. ET AL**              **Page 6 of 6**
**Motion No.  002**

[* 6]